UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUDHIR SHAH,<br>            Plaintiff<br><br>         v.<br><br>JAVA'S BREWIN<br>DEVELOPMENT, INC.,<br>            Defendant | Docket Number<br>1:07-CV-11468 |

## MOTION FOR ISSUANCE OF A CAPIAS WARRANT
## UNDER FED. R. CIV. P. 69(a)(2)

The Plaintiff in this action, Sudhir Shah, moves for the issuance of a civil arrest warrant ("capias") in this case against Christopher Gregoris (a.k.a. Christos Gregoris) ("Gregoris"), the President of Java's Brewin' Development, Inc. ("Java's Brewin'").  This Court issued an execution in this case on November 20, 2008.  The Plaintiff scheduled a deposition under Fed. R. Civ. P. 69(a), but Gregoris failed to appear.  The Plaintiff therefore moves for a capias to compel Gregoris' participation in post-judgment discovery.

## FACTS

Java's Brewin' is a Massachusetts corporation.  Gregoris is the President of Java's Brewin'.  The Plaintiff brought this action against the Defendant on multiple counts, including fraud and violation of M.G.L. c. 93A.  The Defendant defaulted, and judgment was entered on January 23,

2008. An execution was issued on November 20, 2008.

The Plaintiff is attempting to collect on his judgment. The Plaintiff scheduled depositions of Gregoris and Eleanor Mangan, the Keeper of the Records of Java's Brewin' ("Mangan"), at the Chardon Law Offices, One State Street, Boston, MA 02109 at 10 a.m. on September 30, 2008. See Exhibit 1, Deposition Notice. A subpoena was issued and duly served to Gregoris. See Exhibit 2, Return of Service to Gregoris. Neither party attended the deposition. See Exhibit 3, Affidavit of Jonathan Plaut.

The Plaintiff currently believes, based on its investigations, that Christopher Gregoris has rendered Java's Brewin' insolvent. The Plaintiff's post-judgment Discovery is essential in determining what assets Java's Brewin' retains, to whom any of its assets were transferred, and whether any of those transfers are fraudulent.

## LEGAL STANDARD

This Court has the authority to issue a capais. Under Fed. R. Civ. P. 69(a)(2), "the judgment creditor… may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." M.G.L. c. 224 § 18 provides that the "court may issue warrants for arrest and other processes to secure the attendance of debtors or creditors to answer for any contempt under this chapter."

Here, the Plaintiff scheduled post-judgment discovery and duly

served Gregoris. See Exhibit 2. However, Gregoris failed to appear. As this discovery is integral to the Plaintiff's recovery, a capias warrant is an appropriate remedy.

Therefore, the Plaintiff asks this Court to issue a capias against Gregoris.

                                        Respectfully submitted,

                                        SUDHIR SHAH,

                                        By his attorney,

                                        /s/ Patrick M. Groulx
                                        Patrick M. Groulx
                                        Polis Legal
                                        P.O. Box 45504
                                        Somerville, MA 02145
                                        BBO No. 673394

Date: July 22, 2009

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUDHIR SHAH,<br><br>    Plaintiff<br><br>v.<br><br>JAVA'S BREWIN DEVELOPMENT, INC.,<br><br>    Defendant<br><br>CITIZENS BANK,<br><br>    Trustee Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 1:07-cv-11468 |

## SUBPOENA DUCES TECUM

TO:    Christopher Gregoris
        6 Acton Street
        Watertown, Massachusetts 02172

YOU ARE HEREBY COMMANDED on behalf of the plaintiff in the above-captioned matter, pursuant to Fed. R. Civ. P. 69, to attend and give testimony at a deposition at the following time and place: 10 a.m. on September 30, 2008 at Chardon Law Offices, One State Street, Suite 1200, Boston, MA 02109 and day to day thereafter until completed. You are hereby commanded to bring with you to the deposition and to produce and permit inspection and copying of the documents set forth in Exhibit A, attached hereto.

Hereof fail not, as you will answer your default under the pains and penalties of perjury.

_____
Notary Public
My commission expires: 4/3·/2015

Any questions concerning this subpoena should be directed to: CHARDON LAW OFFICES, One State Street, Suite 1200, Boston, MA 02109; (617) 451-3200.

1

## EXHIBIT A

1. Any and all documents in your possession, custody, or control concerning in any way JAVA'S BREWIN DEVELOPMENT, INC. (hereinafter "JAVA'S BREWIN");

2. Any and all financial, accounting and tax documents in your possession, custody, or control concerning in any way JAVA'S BREWIN;

3. Any and all documents in your possession, custody, or control evidencing the amount and location of all funds, assets and monies of JAVA'S BREWIN, including but not limited to bank account statements, receipts and wire transfer confirmations, stock, bonds, promissory notes, mortgages, cash receipts and accounts receivable lists.

4. Any and all documents in your possession, custody, or control evidencing the amount and location of all funds, assets and monies which were in the possession of JAVA'S BREWIN from January 1, 2005 through the present and the disposition of such funds, assets and monies;

5. Any and all documents in your possession, custody, or control concerning any and all of the franchisees of JAVA'S BREWIN;

6. Copies of any and all receipts, the fronts and backs of checks, and all other documents which set forth and/or evidence any and all payments made to JAVA'S BREWIN by or on behalf of any of the JAVA'S BREWIN franchisees;

7. Copies of any and all financial information, receipts, the fronts and backs of checks, and all other documents which set forth and/or evidence any and all monies and things of value you have received from JAVA'S BREWIN.

2

8. All documents which set forth your ownership interest in JAVA'S BREWIN, including but not limited to stock certificates.

9. Copies of any and all financial information, receipts, the fronts and backs of checks, and all other documents which set forth and/or evidence any and all payments made to you from franchisees or franchise applicants of JAVA'S BREWIN.

10. Copies of any and all contracts between you or JAVA'S BREWIN and any of JAVA'S BREWIN's franchisees.

11. Any and all documents in your possession, custody or control relating to all bank accounts held by or in the name of JAVA'S BREWIN. This request includes the fronts and backs of all checks written on said accounts, every statement issued on said accounts, and all wire transfer information and receipts for money going into and out of such accounts.

12. Any and all franchise agreements or contracts you or JAVA'S BREWIN entered into with any franchisee.

13. Copies of any and all checks which JAVA'S BREWIN franchisees, potential franchisees, or franchise applicants gave to you for any purpose whatsoever.

Exhibit 2

# QUICKSERV
## ALLSTATE PROCESS SERVERS

# Invoice

| DATE | INVOICE NO. |
|---|---|
| 8/27/2008 | 138011 |

**BILL TO**

Chardon Law Offices
1 State Street, 12th Floor
Boston, MA  02109

| CASE NO. | YOUR FILE NO. |
|---|---|
| 107CV11468 | Atty Plaut |

| FOR PROFESSIONAL SERVICES: | FEES |
|---|---|
| **PLAINTIFF vs. DEFENDANT:** Sudhir Shah  V  Java's Brewin Development, Inc. | |
| **TYPE OF SERVICE:** Serving of two (2) Subpoenas | |
| **ADDRESS:** Christopher Gregoris/Watertown    $48  KOR Java's Brewin Development, Inc./Westborough | |
| SERVICE AND TRAVEL | 56.00 |
| WITNESS FEE TOTAL | 48.00 |

Due Upon Receipt.  We appreciate your prompt payment.
Federal Tax ID# 04-3297756

**Total** $104.00

BOSTON • WORCESTER • SPRINGFIELD • CAPE COD

QUICKSERV, Inc. • Post Office Box 869103 • Milton, Massachusetts 02186
Tel. (617) 770-1991 • Toll Free (888) 770-1991 • FAX (617) 770-1700 • www.qkserv.com

AUGUST 28, 2008

## RETURN OF SERVICE

*I this day summoned the within named* CHRISTOPHER GREGORIS

*to appear as within directed by delivering to*   (2) ATTEMPTS. COPY LEFT TAPED TO DOOR, SECOND COPY MAILED. ADDRESS CONFIRMED BY NAME ON MAILBOX.

    *in hand*
**X**  *leaving at last and usual place of abode, to wit:*

*No.*   6 ACTON STREET
*in the* WATERTOWN   *District of said* MIDDLESEX   *County an attested copy of the subpoena together with* $ 48   *fees for attendance and travel*

---

| | | |
|---|---|---|
| *Service and travel* | 28 | *it being necessary I actually used a motor vehicle in the distance of* 10 *miles in the service of this process* |
| *Paid Witness* | 48 | |

                                                                              *Kevin Monaghan*
                                                                              Process Server

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUDHIR SHAH,
       Plaintiff

v.

JAVA'S BREWIN
DEVELOPMENT, INC.,
       Defendant

Docket Number
1:07-CV-11468

## **AFFIDAVIT OF JONATHAN D. PLAUT**

I, Jonathan D. Plaut, being duly sworn and under oath, do hereby state the following under the pains and penalties of perjury:

1. I am an attorney in good standing in the Commonwealth of Massachusetts and have been in good standing since my admission to the Bar in 1997. I have also been admitted to practice before the United States District Court for the District of Massachusetts and the United States Court of Appeals for the First Circuit.

2. I formerly served as counsel to the plaintiff in the above-referenced case.

3. On August 26, 2008, I scheduled the depositions of Christopher Gregoris, the President of Java's Brewin' Development, Inc. ("Java's Brewin'"), and Eleanor Mangan, the Keeper of the Records of Java's Brewin' ("Mangan").

4. On August 28, 2008, I had Quickserv Allstate Process Servers serve both Mangan and Gregoris with Subpoenas Deuces Tecum compelling them to appear for depositions. The depositions were scheduled at Chardon Law Offices, One State Street, Boston, MA, 02109, at 10 a.m. on September 30, 2008.

5. Neither party attended the scheduled depositions, nor did either party contact me and request an extension or object to the taking of the depositions.

_____
Jonathan D. Plaut